# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Zainah Hammoud, *et al.*,

               Plaintiffs,      Case No. 15-cv-14461

v.                          Judith E. Levy
                          United States District Judge

County of Wayne, *et al.*,

                          Mag. Judge Anthony P. Patti

               Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [16, 35, 38, 39, 40, 43, 66]

Plaintiffs, current and former owners of real property, allege that they were deprived of their interests in their real property in violation of federal and state law. Plaintiffs admit that they were delinquent on their property taxes, but argue that defendants conspired to and in fact deprived them of notice of the delinquency, foreclosed on their properties, exercised the cities' and township's rights of first refusal to purchase the properties, and then sold the properties to private developers. For the reasons set forth below, defendants' motions to dismiss are granted.

## I. Background

Plaintiffs bring a purported class action on behalf of approximately eight-hundred current and former homeowners seeking equitable and compensatory relief. Generally, plaintiffs allege that the Wayne County Defendants (Wayne County and affiliated individuals) "illegally and unconscionably" foreclosed on plaintiffs' real properties without providing the notice required by the United States and Michigan Constitutions' guarantee of due process and state statute. The Wayne County Defendants then sold the properties to the City Defendants (City of Dearborn, Garden City, City of Lincoln Park, Township of Redford, City of Wayne, and affiliated individuals) in abuse of the cities' right of first refusal, as provided for by Michigan's General Property Tax Act ("GPTA"), Mich. Comp. Laws § 211.78 *et seq.* The City Defendants then sold the properties to the Developer Defendants (JSR Funding, LLC, Enterprising Real Estate, LLC, HP Snap Investment, LLC, Global Realty, LLC, and affiliated individuals). (Dkt. 1 at 10-12.)

According to plaintiffs, the Wayne County Defendants conspired and acted in concert with the City Defendants, the Developer Defendants, and the Visitor Defendants (Rancilio & Associates and

2

affiliated individuals) to illegally profit from plaintiffs. (*Id.* at 12-13.) Plaintiffs allege that these defendants deliberately misinformed or deceived plaintiffs by preventing plaintiffs from receiving the required notices of tax delinquency via first class mail.

Specifically, plaintiffs allege that defendants recklessly, knowingly, or maliciously used the United States Postal Service certified mail system in a way that would result in the notices not being delivered or being returned undeliverable. (*Id.* at 13-14.) Plaintiffs allege that the Visitor Defendants then produced "false proof of hundreds of personal visits," which are required to satisfy the notice requirements, "within several weeks in November 2015." (*Id.* at 14.) According to plaintiffs, the photos from the visits are years old and thus evidence fraud. (*Id.*)

Relatedly, plaintiffs allege that statutory foreclosure relief and payment agreements were made available to various residents in an "illegal and arbitrary manner." (*Id.* at 17-18.) According to plaintiffs, counties have authority under the GPTA to enter into payment agreements to withhold property from the foreclosure petition. (*Id.* at 17.) Plaintiffs allege that defendants "deliberately and systematically

3

denied [p]laintiffs an opportunity to enter payment agreements that were made available to thousands of other distressed taxpayers." (*Id.* at 18.)

Plaintiffs allege that defendant David Szymanski (a Wayne County employee) "deliberately crafted payment agreements to deceive, ultimately causing what he referred to as a 'default' of the payment agreements[,] just in time for the [City D]efendants to exercise their [right of first refusal] in June[] 2015." (*Id.* at 19.) Plaintiffs allege that they were either qualified for, applied for, and denied this relief, or "would have applied and paid the required down payment but for the fact that they were misled to believe that they had to wait and return between August 3-7, 2015[,] or were otherwise ineligible." (*Id.* at 19-20.)

Plaintiffs allege that the conspiracy "was designed and led" by defendants Szymanski and Milan Gandhi of Enterprising Real Estate, LLC. (*Id.* at 15.) Plaintiffs allege that Milan Gandhi and "other [d]efendants" lobbied city and county officials, and defendant Szymanski "was at all times instrumental in ensuring the foreclosures occurred, payment agreements were denied, required notices were

4

intentionally not delivered, and that required personal visits did not actually occur." (*Id.* at 15-16.)

According to plaintiffs, defendant Felicia Tyler (a Wayne County employee) "was intimately aware of the scheme by which the [p]laintiffs and other similarly-situated individuals were intentionally and illegally dispossessed of the record title to their properties." (*Id.* at 16.)

Plaintiffs bring ten causes of action.

Count One (against the Wayne County Defendants) is for violation of due process under the United States and Michigan Constitutions for failing to provide plaintiffs "a meaningful opportunity to be heard" before foreclosing on their homes. (*Id.* at 30-33.)

Count Two (against the Wayne County Defendants) is for violation of due process under the United States and Michigan Constitutions for failing to take additional steps to provide plaintiffs notice of their tax delinquencies. (*Id.* at 33-34.)

Count Three (against the Wayne County Defendants) is, in the light most favorable to plaintiffs, essentially a "class of one" equal protection claim under the United States and Michigan Constitutions for treating similarly situated homeowners differently. (*Id.* at 34-35.)

5

Count Four (against the Wayne County Defendants) is for violation of the Takings Clause under the United States and Michigan Constitutions. (*Id.* at 35-36.)

Count Five (it is unclear who this count is brought against, but likely involves the Wayne County, City, and Developer Defendants) is for declaratory and injunctive relief. Plaintiffs seek a judgment declaring that foreclosures and subsequent transfers and related deeds to the properties were illegal and void and that they hold title in fee simple, subject only to the valid tax liens minus interest and costs unnecessarily incurred. In the alternative, plaintiffs seek a judgment that a taking has occurred and just compensation owed. (*Id.* at 36-37.)

Count Six (against all defendants except the Dearborn defendants) is a civil RICO claim under 18 U.S.C. § 1961 *et seq.* The Wayne County and Visitor Defendants are alleged to have committed mail fraud under 18 U.S.C. § 1341. All defendants (except the Dearborn defendants) are alleged to have committed wire fraud under 18 U.S.C. § 1343. (*Id.* at 37-42.)

Count Seven (against the Wayne County Defendants) is for intentional violation of the GPTA notice provisions. (*Id.* at 42-43.)

Count Eight (against the City and Wayne County Defendants) is for violation of the Home Rule Act, Mich. Comp. Laws § 117.1 *et seq.*, by contracting in violation of city and county charters and ordinances. (*Id.* at 43-44.)

Count Nine (against the Garden City defendants) is for violation of the Open Meetings Act, Mich. Comp. Laws § 15.261 *et seq.*, by continuing a meeting subject to the act at a private pizza party. (*Id.* at 44-45.)

Count Ten (against the Wayne County Defendants, Garden City defendants, and Lincoln Park defendants) is for violation of the state Freedom of Information Act ("FOIA"), Mich. Comp. Laws § 15.231 *et seq.*, for failing to provide documents requested and paid for by plaintiffs pursuant to the act. (*Id.* at 45-48.)

Defendants filed motions to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject-matter jurisdiction to consider some or all of plaintiffs' claims and that plaintiffs fail to sufficiently plead certain claims. (Dkt. 16; Dkt. 35; Dkt. 38; Dkt. 39; Dkt. 40; Dkt. 43; Dkt. 66.)

## II.   Standards

### a. 12(b)(1)

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Relevant here, "[a] facial attack is a challenge to the sufficiency of the pleading itself." *Id.* (emphasis in original).  When considering a facial attack, "the court must take the material allegations of the [complaint] as true and construed in the light most favorable to the nonmoving party." *See id.*

To survive such an attack, "the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)).  "The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.'" *Id.*  "[T]he plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Id.*  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior

8

decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of New York v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)).

### b. 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   Analysis

Defendants filed various motions to dismiss, but make the same general arguments. Relevant here, defendants argue that (a) the Tax

9

Injunction Act divests this Court of jurisdiction to consider most or all of plaintiffs' claims, (b) plaintiffs fail to sufficiently plead a civil RICO claim, and (c) without any federal claims, supplemental jurisdiction does not exist to consider plaintiffs' state law claims. Because addressing these issues disposes of the case, the Court does not address defendants' other arguments.

### a. Tax Injunction Act

Defendants argue that the Tax Injunction Act bars this Court from exercising jurisdiction over most or all of plaintiffs' claims, because plaintiffs are essentially seeking to undo the collection of a property tax through a tax-lien foreclosure. Under the Tax Injunction Act, United States district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law" when "a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

This includes barring United States district courts from exercising jurisdiction over declaratory judgment actions under these circumstances. *Cal. v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). And the principle of comity bars money damages for the same

types of claims. *Fair Assessment In Real Estate Assn. v. McNary*, 454 U.S. 100, 116 (1981). But "when a lawsuit does not directly threaten the 'ultimate . . . public benefit' of raising tax revenue, . . . the [Tax Injunction] Act does not apply." *BellSouth Telecommunications, Inc. v. Farris*, 542 F.3d 499, 502 (6th Cir. 2008).

Here, the tax collection was complete at the time the Wayne County Defendants foreclosed on plaintiffs' properties and then sold them to the City Defendants, satisfying the tax lien. Thus the only claims that might implicate the Tax Injunction Act are the due process, equal protection, takings, declaratory and injunctive, and GPTA claims against the Wayne County Defendants. The civil RICO, Home Rule Act, Open Meetings Act, and state FOIA claims are not implicated.

Plaintiffs argue in their response briefs that they "do not challenge the constitutionality of the [property] tax" and "do not ask the court to take any action that would enjoin the collection or assessment of any tax," thus the requested relief "would in no way implicate the provisions of the [T]ax [I]njunction [A]ct." (*See, e.g.*, Dkt. 52 at 17.)

But plaintiffs are asking the Court to set aside the judgments of foreclosure, vest title back in plaintiffs' names, and permit plaintiffs to

11

pay the back taxes owed to Wayne County less the costs and fees of this litigation.   Wayne County has already satisfied the tax liens by foreclosing on the properties.   And contrary to plaintiffs' argument, they explicitly pled that they are "challeng[ing] the GPTA and the manner in which it is administered."   (Dkt. 1 at 55; *see id.* at 33-34.)   To grant the relief plaintiffs seek—to undo the tax foreclosures—would certainly "enjoin, suspend or restrain the assessment, levy or collection of a[] tax under State law."   *See Pegross v. Oakland Cty. Treasurer*, 592 F. App'x 380, 384-85 (6th Cir. 2014) (Tax Injunction Act bars federal court jurisdiction to enjoin tax lien foreclosures); *Rafaeli, LLC v. Wayne Cty.*, No. 14-13958, 2015 U.S. Dist. LEXIS 72199, at *16 (E.D. Mich. June 4, 2015); *see also Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001) ("A lien sale is a mode of tax collection; and so an action to enjoin it, or declare it illegal, or rescind it, or perhaps even just obtain damages on the ground of its illegality, would be barred by the [Tax Injunction] Act . . . ."); *District Lock & Hardware, Inc. v D.C.*, 808 F. Supp. 2d 36 (D.D.C. 2011).

Because plaintiffs seek to "enjoin, suspend or restrain the assessment, levy or collection of a[] tax under State law," the Court

must decide whether there is a plain, speedy, and efficient remedy in the state courts. A remedy is considered plain, speedy, and efficient if the state provides a "full hearing and judicial determination" at which "any and all constitutional objections to the tax" can be raised. *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 515 n.19 (1981).

Plaintiffs argue that "[t]he GPTA is rife with limitations that literally deny the [p]laintiffs this defined remedy because they restrict the ability of the [p]laintiffs from raising any and all constitutional objections to the tax." According to plaintiffs, the GPTA "forbid[s]" the state circuit courts "from hearing [p]laintiffs' takings claim, its equal protection claim, its quiet title claim, and all other state and federal claims."

Plaintiffs cite no case or statutory law to support this assertion. And contrary to plaintiffs' argument, Michigan courts have heard equal protection challenges to the GPTA and to the application of the GPTA. *See, e.g., Rouge Parkway Assoc. v. Wayne*, 423 Mich. 411, 414, (1985) (considering facial challenge based on Michigan constitution equal protection clause to collection fee imposed under GPTA); *Mich. Baptist Homes & Dev. Co. v. Ann Arbor*, 396 Mich. 660, 674 (1976) (holding that

13

denying exemptions under the GPTA in that case did not violate equal protection under U.S. Constitution).

Moreover, the Court takes judicial notice of a recent suit filed by the American Civil Liberties Union in Wayne County Circuit Court against Wayne County for its tax foreclosure practices, alleging in relevant part that its practices violate the Fair Housing Act and constitutional due process.  Complaint at 46-48, *Morningside Cmty. Org et al. v. Eric Sabree et al.*, (Wayne Cnty. Cir. Ct. 2016) (No. 16-008807-CH); *see Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[I]t is well-settled that 'federal courts may take judicial notice of proceedings in other courts of record' . . . .") (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

And Michigan state courts have adjudicated inverse condemnation (*i.e.*, takings) and quiet title actions in tax foreclosure cases.  *See, e.g.*, *Ligon v. Kales*, Nos. 299145, 300096, 2013 Mich. App. LEXIS 992, at *16-17 (Mich. Ct. App. June 6, 2013) (noting prior adjudication of inverse condemnation claim after tax foreclosure); *Booker v. City of Detroit*, 251 Mich. App. 167, 171-72 (2002) (noting adjudication of quiet title and inverse condemnation claims against city's default foreclosure

14

judgment for delinquent city taxes), *rev'd and remanded on other grounds* 469 Mich. 892, 893 (2003) ("Under the particular circumstances of this case, in which the city has retained the plaintiff's tax payment after disposing of the property at a foreclosure sale, we find that city has received a benefit from plaintiff, which benefit it would be inequitable for the city to retain.").

Plaintiffs note that for many or possibly all of them, the time to appeal the judgments of foreclosure and bring these claims in state court has lapsed.  But even accepting that as true, the Court would still not have jurisdiction over plaintiffs' constitutional and GPTA claims because they *could* have pursued those claims in state court.  *See Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 175 (7th Cir. 1978) ("[T]he application of [the Tax Injunction Act] depends on whether a state remedy was at some time available to the taxpayer and the taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy."); *Daytona Beach Racing & Recreational Facilities Dist. v. Volusia Cty.*, 579 F.2d 367, 369 (5th Cir. 1978) ("The plaintiffs cannot fail to take advantage of the state remedy and then litigate in federal court.").

15

Plaintiffs bring due process, equal protection, takings, declaratory and injunctive, and GPTA claims seeking to undo the tax foreclosures on their homes. These claims each implicate the Tax Injunction Act. The Court does not have jurisdiction over these claims because there is a plain, speedy, and efficient remedy in the state courts, which can adjudicate all of these claims. Counts One, Two, Three, Four, Five, and Seven are thus dismissed without prejudice.

### b. Civil RICO claim

Plaintiffs bring their civil RICO claim against all defendants except for the Dearborn defendants, alleging that they conspired to commit mail and wire fraud in violation of federal law. Defendants argue that plaintiffs fail to sufficiently plead a civil RICO claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A civil RICO claim cannot be brought against a municipal corporation, because a governmental entity is incapable of forming the malicious intent necessary to state such a claim. *Cty. of Oakland by Kuhn v. City of Detroit*, 784 F. Supp. 1275, 1283 (E.D. Mich. 1992); *see Safe Sts. All. v. Alt. Holistic Healing, LLC*, No. 1:15-cv-00349-REB-CBS, 2016 U.S. Dist. LEXIS 5934, at *16 (D. Colo. Jan. 19, 2016) ("[F]ederal

16

district courts which have confronted this issue unanimously have refused to impose RICO liability on government entities.") (collecting cases). The claim is thus dismissed as to defendants Wayne County, City of Garden City, City of Lincoln Park, City of Wayne, and Township of Redford.

As to the individual defendants, plaintiffs fail to sufficiently plead that they committed mail or wire fraud. In order to establish a pattern of racketeering activity required to state a civil RICO claim, see *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985), plaintiffs must show at least two predicate acts of racketeering activity occurring within a ten-year period. 18 U.S.C. § 1961(5). Plaintiffs allege that defendants committed the predicate criminal acts of mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343.[1]

---

[1] Plaintiffs plead in Count Six, the civil RICO count, that defendants Lincoln Park and Brad Coulter intentionally violated Mich. Comp. Laws § 141.1555, their charter, and the Home Rule Act, Mich. Comp. Laws § 117.1 *et seq.* by violating bidding requirements, and that defendants JSR Funding, LLC, Jim Budziak, the Developer Defendants, and the Wayne County Defendants knowingly assisted and conspired to do so. Plaintiffs also plead in this Count that the Wayne County Defendants (except current treasurer Richard Hathaway) violated the GPTA and the county charter. (Dkt. 1 at 37-42.) These are not predicate acts on which a civil RICO violation may be based, so the Court does not consider them. *See* 18 U.S.C. § 1961(1).

17

Mail fraud consists of "(1) a scheme to defraud, and (2) use of the mails in furtherance of the scheme." *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005). The elements of wire fraud are essentially the same except that one uses the wires in furtherance of the scheme. *United States v. Daniel*, 329 F.3d 480, 486 n.1 (6th Cir. 2003) (noting that the same analysis should be used for each).

"A scheme to defraud includes any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money." *Jamieson*, 427 F.3d at 402. Plaintiffs must also demonstrate that the individual defendants acted either with a specific intent to defraud or with recklessness with respect to potentially misleading information. *United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir. 1998); *see Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) (complaint must set forth "*specific facts* that make it reasonable to believe that defendant knew that a statement was materially false or misleading").

Finally, because these are claims of fraud, plaintiffs must meet the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b). This requires plaintiffs to "(1) specify the statements that the

18

plaintiff[s] contend[] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quotation omitted).

According to plaintiffs, the Wayne "County Defendants and Visitor Defendants repeatedly, systematically and regularly used the USPS certified mail system to defraud [p]laintiffs and similarly situated individuals, the people, and the Circuit Court into believing that they sent notices that they had not in fact sent, to cause the transfer of the properties." (Dkt. 1 at 8.) And "[a]ll of the defendants routinely and regularly used the instrumentalities of interstate communication, including phone lines and email in various ways to further their conspiracy to defraud [p]laintiffs into believing that they had more time to redeem their properties, and that they would not be foreclosed on so that they could take and transfer their properties." (*Id.*) Plaintiffs attach several affidavits to their complaint in support of these allegations.

Many of the affiants "specify the statements that [they] contend[] were fraudulent." *See Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir.

19

2008). The affiants state that they were told "[their] house[s] would not be sold this year and . . . [they] had until the end of December 2015 to pay [their] delinquent 2012 taxes." (Dkt. 1-4 at 2; *see also id.* at 6, 9.) And many of the affiants "state where and when the statements were made." *See Frank*, 547 F.3d 564, 570 (6th Cir. 2008). The statements were allegedly made at the Wayne County Treasurer's office at the time the affiants made certain payments. (Dkt. 1-4 at 2; *see also id.* at 6, 9.)

But neither the complaint nor the affidavits sufficiently "identify the speaker." *See Frank*, 547 F.3d 564, 570 (6th Cir. 2008). The affiants' declarations that the statements were made by, for example, "the staff" of the Wayne County Treasurer's office (see Dkt. 1-4 at 6, 9) are insufficient. *See, e.g.*, *Shea v. Winnebago Cty. Sheriff's Office*, No. 12-CV-50201, 2014 U.S. Dist. LEXIS 126696, at *27 (N.D. Ill. Sep. 10, 2014) ("Plaintiff merely alleges that the Koehlers filed fraudulent reports on certain dates and made false claims to police officers on certain dates. He does not explain which Koehler defendant made each statement."); *Arnold v. Alphatec Spine, Inc.*, No. 1:13-cv-714, 2014 U.S. Dist. LEXIS 87079, at *39 (S.D. Ohio June 26, 2014) ("Plaintiffs' reference to 'Defendants' collectively is insufficient to 'identify the

20

speaker' of the false statements."); *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 462 (S.D.N.Y. 2009) ("Plaintiffs repeatedly fail to identify the speaker of allegedly false statements . . . .").

Plaintiffs allege that in "at least one instance, a staff member, believed to be [d]efendant Felecia Tyler," handwrote the information. (Dkt 1 at 21-22.)  But even assuming this were sufficient to identify the speaker in that instance, plaintiffs fail to demonstrate the requisite intent to establish a scheme to defraud.  Plaintiffs must show that the speaker acted either with a specific intent to defraud or with recklessness with respect to potentially misleading information.  *See DeSantis*, 134 F.3d at 764.  Plaintiffs fail to do so.

Instead, plaintiffs state in a conclusory manner that the staff "was trained to deliberately deceive" plaintiffs "into falsely believing they were or would be granted relief" and that "others were trained to encourage and/or lie" to plaintiffs that they "would have to return August 3-7, 2015 to apply" for relief.  (Dkt. 1 at 18, 22.)  But Plaintiffs provide no factual allegations to support these conclusions.  *See Iqbal*, 556 U.S. at 678 ("naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim); *Twombly*, 550 U.S. at

555 (courts are not "bound to accept as true a legal conclusion couched as a factual allegation") (quotation omitted).

Plaintiffs also allege that the Wayne County "Treasurer's website falsely indicates" that plaintiffs could apply for relief between August 3 and 7, 2015.  (*Id.* at 21.)  Still, this is insufficient to show that the false statements were made knowingly or recklessly, and in any case fails to identify the speaker.  *See Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 406 (6th Cir. 2012).

The pleading standard for civil RICO is high, and plaintiffs fail to meet the standard.  Count Six is dismissed with prejudice.

### c. State law claims

Plaintiffs invoke federal question jurisdiction under 28 U.S.C. §§ 1331 and 1347, and "to the extent necessary, supplemental jurisdiction over any state law claims" under 28 U.S.C. § 1367.  Because the federal claims have been dismissed, the Court does not have supplemental jurisdiction to address plaintiffs' Home Rule Act, Open Meetings Act, and state FOIA claims.  Counts Eight, Nine, and Ten are dismissed without prejudice.

## IV.   Conclusion

For the reasons set forth above, defendants' motions to dismiss (Dkt. 16; Dkt. 35; Dkt. 38; Dkt. 39; Dkt. 40; Dkt. 43; Dkt. 66) are GRANTED.

The Tax Injunction Act divests the Court of jurisdiction to hear plaintiffs' due process, equal protection, declaratory and injunctive, GPTA, and takings claims.  Counts One, Two, Three, Four, Five, and Seven are thus DISMISSED WITHOUT PREJUDICE.

Plaintiffs fail to sufficiently plead the civil RICO claim.  Count Six is thus DISMISSED WITH PREJUDICE.

Because no federal claim survives, the Court does not have supplemental jurisdiction over plaintiffs' Home Rule Act, Open Meetings Act, and state FOIA claims.  Counts Eight, Nine, and Ten are thus DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: September 1, 2016                    s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2016.

<u>s/Felicia M. Moses</u>
FELICIA M. MOSES
Case Manager

24